IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ONCOLOGY THERAPEUTICS NETWORK, )
                                )
                    Plaintiff,  )
                                )
v.                              )                    1:05CV709
                                )
GULF COAST ONCOLOGY, P.C.; and  )
JOHN E. FELDMANN,               )
                                )
                    Defendants. )

ORDER

This matter is before the Court on a Recommendation of the Magistrate Judge [Document #17]. The Recommendation was filed with this Court and served on the parties in accordance with 28 U.S.C. § 636(b) on December 5, 2005. Counsel for Plaintiff objected to the Recommendation.

The Court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made, and has made a *de novo* determination which is in accord with the Magistrate Judge's report. Specifically, the Court finds that this Court lacks personal jurisdiction over Defendant Gulf Coast Oncology, P.C. ("Defendant Gulf Coast"). The Court further finds that Plaintiff has not alleged a separate claim directly against Defendant John E. Feldmann ("Defendant Feldmann") independent of the claims asserted against Defendant Gulf Coast.[1]

---

[1] As noted by the Magistrate Judge, since the Court finds that no claim was alleged against Defendant Feldmann separate from the claims against Defendant Gulf Coast, the Court does not reach Defendants' alternative argument that the allegations in the complaint are not sufficient to state a basis for piercing the corporate veil.

Therefore, the Court adopts the reasoning of the Magistrate Judge's recommendation.

However, the Court notes that the Magistrate Judge recommended that this action be dismissed with prejudice. This Court notes that a dismissal for lack of jurisdiction is not an adjudication on the merits, and as such, the dismissal would be without prejudice. In this regard, the Court agrees with the Magistrate Judge's observation that Plaintiff is not without recourse, as both Defendants appear subject to suit in Alabama, and Plaintiff could bring its claims against Defendant Gulf Coast in Alabama, and then attempt to pierce the corporate veil as to Defendant Feldmann there.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Document #9] is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

This, the 28th day of February, 2006.

United States District Judge